UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:16-CR-40-RLM-TAB(2) |
| | ) | |
| RICHARD HAUGHT | ) | |

SENTENCING MEMORANDUM

Richard Haught conspired to acquire powerful semiautomatic firearms through false statements to firearms dealers, then get the firearms to the Mexican border, where their serial numbers would be obliterated and they would be sold in Mexico. Mr. Haught has pleaded guilty to one count of conspiracy, 18 U.S.C. § 371, and to one count of aiding and abetting the making of false statements to licensed firearms dealers, 18 U.S.C. §§ 922(a)(6) and 2. The government had no objection to the presentence report. Mr. Haught objected to a sentence in paragraph 69 of the report that won't affect the sentence. The court adopts as its own findings paragraphs 1-89 and 92-102 of the presentence report, specifically including paragraphs 54-77 concerning Mr. Haught's financial condition and earning ability.

Mr. Haught and the government both told the court they had no objections to the conditions of supervision proposed in Part D of the presentence report.

A sentencing court must first compute the guidelines sentence correctly, then decide whether the guidelines sentence is the correct sentence for that defendant. United States v. Garcia, 754 F.3d 460, 483 (7th Cir. 2014). The court applies the 2016 version of the sentencing guidelines.

Counts 1 and 2 are grouped and treated as a single count for purposes of the sentencing guideline calculations. U.S.S.G. § 3D1.2(d). The base offense level for crimes involving illegal possession of firearms is 14. U.S.S.G. § 2K2.1(a)(6)(C). Mr. Haught was personally involved with at least eight firearms, so his offense level is increased by four levels. U.S.S.G. § 2K2.1(b)(1)(B). His offense level is increased by four levels because the offense involved firearms with obliterated serial numbers, U.S.S.G. § 2K2.1(b)(4)(B), by another four levels because Mr. Haught engaged in trafficking firearms, U.S.S.G. § 2K2.1(b)(5), and by four more levels because he had reason to believe the firearms would be transferred outside the United State. U.S.S.G. § 2K2.1(b)(6)(A). His offense level is then reduced by three levels to reflect his clear and timely acceptance of responsibility, U.S.S.G. § 3E1.1, producing a final adjusted offense level of 27.

The sentencing guidelines assess one criminal history point for Mr. Haught's time-served sentence in 2013 for possession of controlled substances. U.S.S.G. § 4A1.1(c). That single point places him in criminal history category I, so the sentencing guidelines recommend a sentencing range of 70 to 87 months' imprisonment. U.S.S.G. § 5A.

The court decides the sentence under 18 U.S.C. § 3553, <u>United States v. Booker</u>, 543 U.S. 220 (2005). Accordingly, the court turns to the statutory factors, seeking a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute. 18 U.S.C. § 3553(a).

The guideline range is the starting point and the initial benchmark, but the court doesn't presume that the recommended range is reasonable. Gall v. United States, 552 U.S. 38, 50 (2007). As just calculated, the sentencing guidelines, which ordinarily pose the best hope, on a national basis, for avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006), recommend a sentencing range of 70 to 87 months. The government and defendant jointly recommend a sentence between 57 and 71 months; their recommendation is made under Fed. R. Crim. P. 11(c)(1)(C), so while the court isn't required to accept Mr. Haught's guilty plea, the court can't impose a sentence of less than 57 month or more than 71 months without giving Mr. Haught a chance to withdraw his guilty plea. Mr. Haught more specifically recommended a 57-month sentence.

Mr. Haught helped smuggle some major firepower into Mexico. The record doesn't reveal who got the guns in Mexico or how the guns were used, but these were not weapons used for sport. They were weapons of war. Mr. Haught involved family members who now have their own felony records and all that goes along with felony records. Mr. Haught's guilty plea spared the government the time and expense of trial and trial preparation.

Mr. Haught is an addict. He is addicted to opioid pain pills. He started on the pills as treatment for pain from back surgery about ten years ago. He has moved from

3

hydrocodone to oxycodone to Suboxone. Treatment was tried while Mr. Haught was on pretrial release, but Mr. Haught relapsed quickly and his pretrial release eventually was revoked. He reports feeling considerably better since being in custody for nearly 14 months.

Mr. Haught is 40 years old. His addiction shines through his personal history and characteristics. Mr. Haught could report no employment that can be confirmed, instead reporting that he has supported himself as a woodworker for the past 20 years (his family attests to his skills). He reports graduating from high school, but the high school's records only show attendance through the ninth grade. Mr. Haught lied repeatedly to his pretrial services officer about his use of pills while he was on pretrial release; she arranged for a mental evaluation, and that evaluation scored Mr. Haught high on narcissism and grandiosity. Mr. Haught is in a 12-year relationship that has produced a 6-year-old son with whom Mr. Haught has regular contact.

Sentencing courts must consider the need for the sentence to protect the public from the defendant. Society's need for protection from Mr. Haught appears to depend entirely on whether he stays clean and sober after he is released from prison. If he does not stay clean, he remains the same man who conspired to get powerful weapons into what seems likely to have been the wrong hands in Mexico. If he stays clean, society wouldn't appear to need protection from Richard Haught.

The sentencing guidelines ordinarily are the best measurement of the need to reflect the crime's seriousness, to provide just punishment for the crime, and to deter

others from committing the same sort of crimes. This record presents no greater yardstick. Reasonably uniform sentencing practices generally tend to promote respect for the law.

A policy statement by the Sentencing Commission says that when presented with a binding sentencing recommendation under Fed. R. Crim. P. 11(c)(1)(C) that isn't within the applicable guideline range, the court should accept the recommendation if it is outside the advisory range for justifiable reasons. The parties' recommendation binds the court and is outside the advisory range for justifiable reasons. Mr. Haught's criminal activity appears to have been driven entirely by his addiction, which began with legitimately prescribed pain pills rather than a decision to try a controlled substance for recreational purposes. Mr. Haught hasn't yet shown that he will put opioid use behind him, but he has taken steps that make it difficult for him to return to crime. A reasonable sentence can be found in the range on which the government and Mr. Haught have agreed. The justifiable reasons for the agreed range are offset somewhat by the seriousness of Mr. Haught's conduct; we will long wonder what terror those .50 caliber semiautomatic rifles might have wrought once they got to Mexico.

Review of the factors specifically set forth in 18 U.S.C. § 3553(a) persuades the court that in light of the need for the sentence to reflect the seriousness of the offense and to provide just punishment and to promote respect for the law, and the range recommended by the guidelines, a sentence at the mid-point of the parties' agreed

range, or 64 months, is sufficient but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

The statutes of conviction don't require a term of supervised release as part of the sentence, and the law allows a term of up to three years. The sentencing guidelines recommend a supervised release term of at least one, and not more than three, years. A term of three years is reasonable. Mr. Haught will need extensive treatment and aftercare if he is to remain clean and sober after he gets out of prison, and society will need Mr. Haught to be supervised closely if he can't stay clean and sober. The conditions of supervised release would be those proposed in the presentence report.

Mr. Haught can't pay the fines recommended by the guidelines even if afforded the most generous of installment payment schedules, so the court imposes no fine. A special assessment of $200.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, it is the judgment of the court that the defendant, Richard Haught, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months on Count 1 and for a term of 64 months on Count 2, with the terms to run concurrently for an aggregate term of 64 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years on each count, with the terms to run concurrently for an aggregate supervised release term of three years. While on supervised release, the defendant shall comply with the terms of supervision set forth in paragraphs 90-

91 of the presentence report, which paragraphs the court incorporates as part of this sentence. Mr. Haught expressly waived the reading in open court of the conditions of supervision.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine recommended by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $200.00, which shall be due immediately.

The court recommends that the Bureau of Prisons designate as the place of the defendant's confinement a facility, consistent with the defendant's security classification as determined by the Bureau of Prisons, where the defendant might participate in the Bureau of Prisons' RDAP program, and as close as reasonably possible to the defendant's family and son in Indiana.

ENTERED:   December 18, 2017

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court


cc:   R. Haught
      G. Beitz
      W. McCoskey
      USM
      USPO